Grace Y. Horoupian #180337
KUTAK ROCK LLP
Suite 1100
18201 Von Karman Avenue
Irvine, CA 92612-1077
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
Email: grace.horoupian@kutakrock.com

Alan L. Rupe – *pro hac vice*
Ashley J. Shaneyfelt – *pro hac vice pending*
KUTAK ROCK LLP
1605 N. Waterfront Pkwy., Suite 150
Wichita, KS 67206
Telephone: (316) 609-7900
Facsimile: (316) 630-8021
Email: alan.rupe@kutakrock.com
Email: ashley.shaneyfelt@kutakrock.com

Attorneys for Defendants
SCHWAN'S HOME SERVICE, INC. and
STEVE HOUSELOG

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KOBOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCHWAN'S HOME SERVICE, INC., a Minnesota corporation; STEVE HOUSELOG, an individual; and DOES 1 through 50, Inclusive,<br><br>　　　　　Defendants. | Case No. 1:09-cv-00856-LJO-JLT<br><br><br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Complaint Filed: March 10, 2009<br>Trial: November 8, 2010 |

**WHEREAS,** the parties have made discovery requests and may in the future serve additional discovery requests;

**WHEREAS,** certain materials may be requested by the parties in the course of discovery that constitute or contain personal, private, confidential or proprietary information ("Confidential Information") as more fully defined below in Paragraph 1;

**WHEREAS,** counsel for the parties are willing to enter into a Stipulation and Order as a

condition to the disclosure and use of any such Confidential Information and/or inspection and copying of any such Confidential Information;

**WHEREAS,** counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to set forth guidelines for the use of Confidential Information, while allowing the opportunity for reasonable discovery; and

**WHEREAS,** counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of this Stipulated Protective Order, whenever that may be,

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. <u>Definition of Confidential Information.</u>  The following shall constitute Confidential Information:

    (a) Personnel information including, but not limited to, sensitive personnel information regarding employees of Defendant Schwan's Home Service (other than Plaintiff), and personnel information regarding former employees and job applicants (other than Plaintiff) including, but not limited to, performance ratings, employee compensation information, supervisory notes, discipline reports, and information relating to employment policies;

    (b) Non-public financial information and other information of Defendant Schwan's Home Service that contains trade secrets, future business plans, market analysis, confidential research, development, commercial or other proprietary information;

    (c) Any other information, documents, or things subject to protection under the law including, but not limited to, Fed. R. Civ. P. 26;

    (d) Any testimony regarding Confidential Information as defined in Paragraphs 1(a)-(c) above;

    (e) Extracts and summaries prepared from such materials set forth in Paragraphs 1(a)-(d) above; and

    (f) Those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to the Confidential Information.

2. <u>Designation of Confidential Information.</u>

(a) The parties shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony by affixing the word "CONFIDENTIAL" thereon, or by identifying or designating such documents, other information, and/or testimony as Confidential Information in writing or on the record in a deposition or other transcribed proceeding;

(b) The designation of Confidential Information shall appear on all documents or information containing such material, including portions of depositions, briefs, or correspondence.  Confidential designations to deposition transcripts shall be made on the record during such deposition or within thirty (30) days after the party desiring such designation receives the transcript of such deposition;

(c) If the material is too voluminous or it is impracticable to designate the material as Confidential Information, that material shall be so designated in the transmittal letter.

3. Confidential Information shall be used solely for the preparation, trial and/or settlement of the above-captioned civil action, and shall not be communicated or used for any other purpose whatsoever, except as compelled by court order or disclosed pursuant to the Rules of Professional Conduct.

4. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

(a) The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action;

(b) The parties themselves and any employees, advisors, or agents of the parties who assist the attorneys of record in this action; provided, however, that before any such person reviews or receives any Confidential Information, s/he must read a copy of this Stipulated Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto, unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

(c) Independent consultants and/or experts retained by the parties to work on

the action; provided, however, that before any such consultant or expert is shown or receives any Confidential Information, s/he must read a copy of this Stipulated Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto;

(d) Witnesses interviewed by a party's representatives or attorneys, or persons deposed in this lawsuit; provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness, s/he must read a copy of this Stipulated Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit A hereto, unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties;

(e) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

(f) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and

(g) The Court and Court personnel.

5. If a dispute arises as to the designation of materials as Confidential Information, the parties agree to attempt to resolve the issue in good faith. If the matter is not resolved by the parties themselves, the party challenging the confidential status of information claimed to be restricted by this Stipulated Protective Order shall bring the dispute before the Court for a determination and the party challenging the designation bears the burden of proving that a document should not be designated as Confidential Information.

6. Except as expressly provided herein, nothing in this Stipulated Protective Order is intended to limit or have the effect of limiting either party's right to make use of such information for any purpose or use permitted under the Federal Rules of Civil Procedure, the relevant Local Rules, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Stipulated Protective Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be directed by this Court. If this matter is tried before a jury, at

1  a minimum, the Court will instruct the jury as to the protected and confidential nature of the
2  information and order its non-disclosure.

3       7.    <u>As to</u> Confidential Information ~~shall be placed under seal in submissions~~ to <u>be</u>
4  <u>filed with</u> the Court, <u>a sealing order shall be sought according to Local Rule 141</u> only where
5  redacting, coding identities, summarizing or other objective treatment cannot be made.

6       8.    In the event that any Confidential Information not covered by Paragraph 7 above is
7  filed, included in, or referred to in any paper filed with the Court, counsel responsible for such
8  filing shall ~~notify the Clerk of the Court in accordance with the Court's procedures at the time of
9  filing that such paper contains Confidential Information protected by this Stipulated Protective
10 Order, and shall notify the other parties of the confidential nature of the filing. The Clerk of the
11 Court shall keep such Confidential Information under seal until further order of the Court;
12 provided, however, that access to such Confidential Information filed with the Court shall be
13 afforded to the Court and to counsel for the undersigned parties~~. <u>file follow the procedures set
14 forth in Local Rule 141.</u>

15      9.    If, at the time of trial or in connection with any pretrial or settlement hearing,
16 counsel for a party intends to introduce any material made subject to this Stipulated Protective
17 Order produced by any opposing party and designated by that party as "Confidential," he or she
18 shall so inform the Court and opposing counsel as far in advance as possible, and the Court may
19 take such steps, at the request of the opposing counsel or on its own initiative, as it deems
20 necessary to preserve the confidentiality of such material subject to this Stipulated Protective
21 Order.

22      10.    In cases of surprise or for good cause shown, if, at the time of trial or in connection
23 with any pretrial or settlement hearing, counsel for a party intends to introduce any Confidential
24 Information not covered by Paragraph 7 above, s/he shall so inform the Court and opposing
25 counsel and provide reasonable notice before such Confidential Information may be submitted to
26 the Court or provided to opposing counsel.

27      11.    Neither the provisions of this Stipulated Protective Order, nor any designation or
28 failure to designate any particular information, document, or material by a party as Confidential

Information shall, in this litigation, or any other litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material, or information meeting or not meeting the definition of Confidential Information in Paragraph 1 above. Upon discovery of an inadvertent non-designation, the discovering party will immediately notify the opposing party, and the information, document, or material identified will be treated as if it had been originally designated as Confidential Information, and will be subject to the terms of this Stipulated Protective Order. If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

12. The inadvertent production of any attorney-client privileged and/or work product protected document shall not constitute a general waiver of the privilege or protection. If the party who inadvertently produced such documents demands return of the document on the grounds that it is attorney client privileged and/or work product protected and has been produced inadvertently, and the party to whom the document has been produced refuses to return it, the party who produced the document will promptly file a motion to compel the return of the document; and the party to whom the document was produced may retain the document pending resolution of the motion to compel but, unless and until that motion is denied by the Court, may not use or disclose that document in any way, except as it relates to the motion to compel.

13. Within sixty (60) days after the final termination of this action, including all appeals, all Confidential Information, all copies of such Confidential Information not covered by Paragraph 7 above, and all excerpts, notes, extracts, summaries, and analyses therefrom shall be returned to the party who produced the Confidential Information or the party in possession of such Confidential Information shall certify, under oath, that such material has been destroyed.

14. Counsel for the undersigned parties hereby jointly apply to the Court for entry of an Order in accordance with the terms of this Stipulation.

15. The Order entered pursuant to the terms of this Stipulated Protective Order shall be without prejudice to the rights of any party to seek modification of its provisions upon motion duly noticed and served.

16. The provisions of the Order entered pursuant to the terms of this Stipulated Protective Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

**SO STIPULATED.**

Dated: March 15, 2010

JAY S. ROTHMAN & ASSOCIATES

By: s/ Jay S. Rothman
*Signed by filing attorney with permission*
Jay S. Rothman
Attorneys for Plaintiff
KIRK KOBOS

Dated: March 15, 2010

KUTAK ROCK LLP

By: s/ Alan L. Rupe
Alan L. Rupe
Attorneys for Defendants
SCHWAN'S HOME SERVICE, INC. and
STEVE HOUSELOG

<u>EXHIBIT A</u>

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Protective Order entered in *Kobos v. Schwan's Home Service, Inc.,* Case No. 1:09-cv-00856-LJO-JLT, has read such Stipulated Protective Order, agrees to be bound by all of the terms thereof, and further agrees that the U.S. District Court for the Eastern District of California may exercise jurisdiction over him/her to enforce such Stipulated Protective Order.

Dated:

Subscribed and Sworn before me this ___ day of _____, 2010.

Notary Public

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4827-0965-2997.1        8

STIPULATED PROTECTIVE ORDER; CASE NO. 1:09-CV-00856-LJO-JLT

# **ORDER**

**With the modifications made by the Court in paragraphs 7 and 8,**

IT IS SO ORDERED.

Dated:   **March 17, 2010**            /s/ **Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE