**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIRK KOBOS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SCHWAN'S HOME SERVICE, INC., et al. ) <br> ) <br> Defendants. ) <br> ) | Case No.: 1:09-cv-00856 LJO JLT <br><br> ORDER DENYING EX PARTE APPLICATION TO EXTEND DEADLINE TO FILE DISPOSITIVE MOTIONS <br><br> (Doc 34) |

**BACKGROUND**

In this diversity action, founded on allegations of violations of California's employment and labor laws, Defendants seek to extend the summary judgment motion filing and hearing deadlines. The October 9, 2009 scheduling order set a June 15, 2010 deadline to file dispositive motions and a July 20, 2010 motion hearing deadline.

**EXTENSION OF MOTION DATES**

Pursuant to Fed. R. Civ. P. 16(b)(3), district courts must enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." Scheduling orders may also "set dates for pretrial conferences and for trial." Fed. R. Civ. P. 16(b)(4). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The scheduling order

"controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).

Scheduling orders "are the heart of case management," Koplve v. Ford Motor Co., 795 F.2d 15, 18 (3 Cir. 1986), and are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril."Id. at 610. In Johnson, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In addressing the diligence requirement, this Court has noted,

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, see In re San Juan Dupont, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference, see Johnson, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, see Eckert Cold Storage, 943 F.Supp. at 1233.

Jackson, 186 F.R.D. at 608.  Moreover, this Court's Local Rule 6-144(d) provides,

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other documents are looked upon with disfavor.

Here, Defendants filed their ex parte request, one court day before the filing cut-off. They seek this extension because on May 27, 2010 – two weeks before the current filing deadline– Plaintiff filed a request to continue the discovery cut-off to require defendant Schwan's to produce certain documents.[1]

---

[1] A hearing on this motion is scheduled for June 24, 2010.

As an added justification for the current request, one of defendants' attorneys has indicated that he must attend a deposition of a complainant in another case on June 15, 2010 in Illinois and will begin trial within the next week.[2]

There is no explanation provided in either declaration submitted that demonstrates whether the information sought from the plaintiffs in the pending motion impacts Defendants' dispositive motion. At most, the ex parte application concludes, without supporting evidence, "Defendants should not be required to file a dispositive motion while Plaintiff's Motion to Continue Discovery Cutoff is pending. It would be unfair, procedurally inappropriate, and potentially prejudicial to require Defendants to do so." Why this is the case, isn't explained.

Defendants agreed to the motion deadlines at the time of the Scheduling Conference. They have not explained how counsel's current work schedule was unanticipated by them at the time of the Conference, when counsel's other work load became unmanageable or why this situation was not brought to the Court's attention in a timely manner. Because Defendants knew of the looming deadlines for months, the Court finds it inconceivable that Defendants failed to begin drafting their dispositive motion before May 27, 2010 when Plaintiff filed his discovery motion or that Defendants stopped drafting it merely due to this filing. For these reasons, the Court does not find that good cause has been demonstrated.

Moreover, although Defendants set forth their concerns over their own busy schedules, they ignore the inconvenience and burden that their ex parte application placed on this Court. Because of the filing deadline today, the Court was forced to immediately turn to the merits of their motion and ignore other, timely filed and procedurally proper matters. Morever, Defendants ignore that the hearing date they propose is a mere three weeks before the pretrial conference. Granting Defendants' request would allow insufficient time for their motion to be decided before the pretrial conference and would likely require the filing and deciding of in limine motions and the meeting of other pretrial deadlines before

---

[2] This attorney offers no explanation when this deposition was scheduled or why he chose to schedule it as he did. There is no explanation either as to *when* this other trial was scheduled or how this constitutes good cause to modify the Scheduling Order that was issued eight months ago, especially at this very late date.

3

1  a decision on the dispositive motion is issued, potentially wasting the Court's resources. This Court will
2  not inconvenience and burden itself to mitigate the parties' dilatory preparation or management of this
3  action. This Court will not reward the parties' treatment of the Scheduling Order as a frivolity.
4       Because Defendants fail to demonstrate good cause to modify the Scheduling Order, the Court
5  DENIES the parties' request to extend the motion dates.

7  IT IS SO ORDERED.
8  Dated: **June 14, 2010**                              /s/ **Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

4