IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KOBOS, | CASE NO. CV-F-09-856 LJO SKO |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTION FOR ATTORNEYS FEES** (Doc. 53) |
| vs. | |
| SCHWAN'S HOME SERVICE, INC., and STEVE HOUSELOG, | |
| Defendants. | |

### INTRODUCTION

On August 6, 2010, this Court granted summary judgment in favor of defendants Schwan's Home Service, Incorporate ("Schwan's") and Steve Houselog ("Mr. Houselog") (collectively "defendants") and against plaintiff Kirk Kobos ("Mr. Kobos") on his claims for wrongful termination, discrimination, retaliation, wage and labor law violations, unfair competition, and intentional infliction of emotional distress. Defendants moved for attorneys fees, arguing that they are entitled to recover their attorneys' fees as a prevailing parties pursuant to Cal. Code Civ. Proc. Sections 1032 and 1033.5, and Cal. Gov't. Code section 12965(b), because Mr. Kobos' claims were meritless. In opposition, Mr. Kobos argues that: (1) this Court should not award attorneys' fees simply because he was not victorious on his claims; (2) defendants' redacted billing records do not substantiate the attorneys' fees request; and (3) this Court should consider his inability to pay the award. Having considered all factors, this Court GRANTS in part defendants motion and AWARDS defendants $5,000 in attorneys fees.

# BACKGROUND

Mr. Kobos asserted ten causes of action against defendants for: (1) wrongful termination (Cal. Gov't Code §12940); (2) wrongful termination (Workers Compensation Act); (3) discrimination based on disability; (4) retaliation; (5) failure to prevent discrimination and retaliation; (6) violation of wage and hour laws–unpaid overtime wages (Cal. Labor Code §510); (7) violation of wage and hour laws–failure to pay minimum wage; (8) violation of wage and hour laws–waiting time penalties; (9) unfair competition (Cal. Bus. & Prof. Code §17200); and (10) intentional infliction of emotional distress. In opposition to the summary judgment motion, Mr. Kobos abandoned the wage and hour claims, opposing only the motion as to his first through fifth, and tenth causes of action. This Court found Mr. Kobos failed to raise a material issue of genuine fact on his claims, and that defendants were entitled to judgment in their favor as a matter of law, for the following reasons.

In his first and second causes of action, Mr. Kobos asserted that he was terminated wrongfully, in violation of public policy. The Court found that Mr. Kobos' first cause of action failed, because:

> Mr. Kobos presents no evidence to support his position that he was terminated in violation of Workers' Compensation Act public policy. Rather, the facts presented by Mr. Kobos suggest that Schwan's did not interfere with his ability to file a workers' compensation claim. Mr. Kobos admits in his deposition that he filed separate workers' compensation claims for both the February and November 2008 injuries. Thus, even if his claims were denied, Schwan's did not prevent Mr. Kobos from seeking workers' compensation benefits.
> In addition, Mr. Kobos' argument is inconsistent with his testimony and the evidence presented.

As to the second cause of action, Mr. Kobos similarly presented "no facts to substantiate his claim that Schwan's terminated his employment in violation of FEHA public policy."

On this third and fifth discrimination claims, the Court assumed for purposes of the motion that Mr. Kobos established a prima facie case of discrimination. Defendants established a legitimate, non-discriminatory purpose for the adverse employment action. Mr. Kobos, however, failed to raise an inference that the adverse employment action was pretextual. The Court ruled:

> Mr. Kobos' argument ignores his burden to establish that the adverse employment action was pretext for unlawful discrimination. To survive summary judgment, Mr. Kobos must do more than establish a prima facie case and deny the defendants' credibility. *Bradley*, 104 F.3d at 270. In his opposition, Mr. Kobos has provided no meaningful evidence to indicate that defendants' reason for terminating him was false, or that defendants' harbored discriminatory animus towards Mr. Kobos because of his ankle injury or worker's compensation claims. Mr. Kobos fails to produce "specific,

> substantial evidence of pretext." *Id.* To the contrary, Mr. Kobos admits the facts underlying defendants' reason for termination, and produces no evidence to support his complicated conspiracy theory of termination. Although Mr. Kobos can demonstrate pretext indirectly, by showing that the employer's proffered explanation is "unworthy of credence," *Chuang*, 225 F.3d at 1127, Mr. Kobos' opposition establishes that his proffered explanation is "unworthy of credence, internally inconsistent, and otherwise not believable." *Id*.

Accordingly, judgment was granted in favor of defendants on Mr. Kobos' discrimination claims.

As to Mr. Kobos' fourth and fifth causes of action for retaliation, Mr. Kobos failed to establish that he engaged in protected activity. The Court found that there were "no facts to support a claim that Mr. Kobos made a statement that was opposed to an unlawful employment practice while he was employed at Schwan's. Although he presents an elaborate scheme, Mr. Kobos ignores defendants' argument, and fails to establish this required element."

Mr. Kobos similarly failed to establish his tenth cause of action for intentional infliction of emotional distress. The Court found that Mr. Kobos failed to establish the first and second factors as set forth in *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998). In addition, the Court found that the intentional infliction of emotional distress claim was barred by the exclusivity provision of California's Workers' Compensation Act.

This action was filed originally in the Kern County Superior Court. Defendants removed the action to this Court on May 14, 2009, and filed an answer and affirmative defendants on May 19, 2009. Mr. Kobos filed a motion to remand and for sanctions. The Court denied Mr. Kobos' motion, finding that defendant Mr. Houselog was fraudulently joined in this action to defeat diversity jurisdiction. Despite this ruling, Mr. Kobos maintained his cause of action against Mr. Houselog. The parties exchanged and responded to discovery requests. Mr. Kobos filed a motion to continue the discovery cut-off. Defendants opposed that motion. After a hearing, Mr. Kobos' motion was denied. Defendants took one deposition and defended two depositions. On June 15, 2010, defendants filed the summary judgment motion. Defendants replied to the motion on July 13, 2010.

Defendants filed this motion on September 3, 2010. Mr. Kobos opposed the motion on September 29, 2010. This Court finds this motion suitable for a decision without a hearing. Accordingly, the Court VACATES the October 20, 2010 hearing, and issues the following order.

///

## DISCUSSION

### Whether Defendants are Entitled to Attorneys Fees

In a diversity case based on state law claims, this Court applies California substantive law to determine whether a prevailing party is entitled to attorneys fees. *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). Pursuant to California Code of Civil Procedure section 1033.5(a)(10), a party may recover attorneys fees only if authorized by contract, statute, or law. Defendants argue that they are entitled to recover attorneys' fees as a matter of law for Mr. Kobos' first through fifth causes of action.

California Government Code section 12965 allows an award of attorneys fees for a prevailing party in a California Fair Employment and Housing Act action. Recovery of attorneys fees by a prevailing defendants, however, is not permitted routinely. *Cummings v. Benco Building Servs.*, 11 Cal. App 1383 (1992). The Court awards a prevailing defendant attorneys fees "only if the plaintiff's lawsuit is deemed unreasonable, frivolous, meritless, or vexatious." *Mangano v. Verity, Inc.*, 167 Cal. App. 4th 944, 949 (2008) (applying reasoning of *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)).

Defendants argue that Mr. Kobos' action was unreasonable, frivolous, meritless and vexatious, because it lacked evidentiary support. Defendants rely on this Court's footnote number 4 in the summary judgment order, which reads:

> Pursuant to Fed. R. Civ. P. 11(b)(3), attorneys certify that the "factual contentions have evidentiary support." Mr. Kobos' counsel repeatedly argues facts without evidentiary support, and purported facts that are contradicted by evidence presented by his client and himself.

Defendants contend that the lack of evidentiary support for his claims demonstrates Mr. Kobos' lack of good faith in bringing his claims, and that the lawsuit was frivolous and meritless per se.

In opposition, Mr. Kobos argues that attorneys fees should not be awarded simply because he did not prevail on his claims, or because his claims were not "airtight." Mr. Kobos relies on cases that are distinguishable, because there was at least some evidence to support the plaintiff's claims in each case. Mr. Kobos produced no evidence to support his FEHA claims. While there was an objective witness to Mr. Kobos' initial injury, Mr. Kobos failed to produce a scintilla of evidence to support his disability discrimination conspiracy theory.

The Court finds that this action was meritless to allow an award of attorneys' fees to the prevailing defendants. "'[M]eritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case … ." *Christiansburg*, 434 U.S. at 421. In its order, this Court found that Mr. Kobos failed to present evidence to support his claims, argued "facts" that were without evidentiary support, and argued facts that were contradicted by the evidence presented. Even if a plaintiff believes he has colorable claims when the suit is initiated, a lawsuit may be deemed "frivolous, unreasonable, or groundless" where a plaintiff discovers the weakness of his or her claims and continues to pursue them. *Roseman v. Christensen, Miller, Fink, Jacobs, Weil & Shapiro*, 91 Cal. App. 4th 859, 873 (2001). Here, Mr. Kobos knew the claims against Mr. Houselog were baseless at the time of order on his motion to remand, yet continued to pursue them. While he conceded some claims in opposition to summary judgment, Mr. Kobos continued to pursue all of this claims until summary judgment, and continued to pursue his FEHA claims without evidence to support those claims through summary judgment. The Court finds that no evidence supported Mr. Kobos' claims, rendering them groundless. For these reasons, as more fully explained by the Court's in its summary judgment order, and in passages quoted above, this Court finds that Mr. Kobos' action was meritless.

The Court notes, however, defendants may only recover on Mr. Kobos' first through fifth causes of action. Defendants are only able to recover for those claims which allow an attorneys fees award. Mr. Kobos abandoned his sixth through ninth causes of action, and defendants are unable to recover on his tenth cause of action. Mr. Kobos' abandoned claims, based on wage and labor law, specifically preclude a prevailing employer from recovering an award of attorneys fees on a wage and labor claim. *See* Cal. Labor Code §1194. Accordingly, this Court finds, in its discretion, that the defendants are not entitled to a total award, as they request.

### Calculation of Attorneys Fees Award

To calculate a reasonable attorneys fees award, the Court uses the "lodestar adjustment method." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). " The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair

market value for the legal services provided." *Id*. "In referring to '*reasonable*' compensation...courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum*, 24 Cal. 4th at 1132 (emphasis in original).

Defendants request a total of $42,0005.50 in attorneys fees. Defendants arrive at this amount based on the following hourly rates and hours expended:

| Name | Hourly Rate | Hours Expended | Total |
|---|---|---|---|
| Alan L. Rupe | $185.00 | 62.2 | $11,507.00 |
| S. Douglas Mackay | $185 | 4.9 | $906.50 |
| Jason D. Stitt | $150 | 31 | $4,650 |
| Ashley J. Shaneyfelt | $150 | 126 | $18,900.00 |
| Jessica L. Garner | $150 | 4.2 | $630 |
| Rhonda K. Wills | $120 | 34.3 | $4,116 |
| Julie Hertzler | $80 | 1.3 | $104 |
| Amy Jo Anderson | $80 | 14.9 | $1,192 |
| **Total** | | **278.8** | **$42,005.5** |

To calculate attorneys fees, this Court begins with a lodestar figure based on the reasonable hours spent, multiplied by the hourly prevailing rate for private attorneys in the community conducting litigation of the same type." *Serrano v. Unruh*, 32 Cal. 3d 621, 625 (1982) ("*Serrano IV*"). The reasonable value of attorney services is defined as the "hourly amount to which attorneys of like skill in the area would typically be entitled." *Id*. at 640. "The experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001) (quotations and citation omitted).

### Reasonableness of Hourly Rate

The reasonable value of attorney services is defined as the "hourly amount to which attorneys of like skill in the area would typically be entitled." *Serrano IV,* 32 Cal.3d. at 640.   Defendants

submitted declarations regarding the years of experience of each person. Mr. Kobos does not oppose the reasonableness of the hourly rates charged. This Court finds that the evidence supports a finding that the hourly rate for each person is reasonable for this legal community and type of work.

### Reasonableness of Hours Expended

"In referring to '*reasonable*' compensation...courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum*, 24 Cal. 4th at 1132 (emphasis in original). Defendants, as the party petitioning for attorneys' fees, "bear[] the burden of submitting detailed time records justifying the hours claimed to have been expended." *In re Washington Public Power Supply System Securities Litigation*, 19 F.3d 1291, 1305 (9th Cir. 1994) ("WPPSS"); *see also, Macias v. Hartwell*, 55 Cal. App. 4th 669, 676, 64 Cal. Rptr. 2d 222 (1997). In addition to the burden of proof, defendants bear the burden of persuasion on the elements of the attorneys' fees claim. *Wininger v. SI Management L.P.*, 301 F.3d 1115, 1125 (9th Cir. 2002). For the reasons discussed below, this Court reduces defendants' attorneys' fees request.

First, defendants submitted inadequate records to support their request. When considering an attorneys' fees request, the Court "must carefully review attorney documentation of hours expended." *Ketchum*, 24 Cal. 4th at 1132. Throughout the roughly 45 pages of billing records submitted, the vast majority of entries are redacted either in full or in part. Defendants make no attempt to distinguish between which entries were included in the totals presented in this motion and which were excluded. The Court presumes that the entries that were redacted in their entirety were not included. Of the partially redacted entries, however, this Court simply cannot ascertain whether those billing entries related to this matter or unrelated matters. Defendants' partially redacted entries include such billing entries as: "Prepare correspondence to client regarding ▬▬▬▬▬▬▬;" "Continue ▬▬▬▬▬▬▬;" "Prepare legal analysis of ▬▬▬▬▬▬▬;" "Work on email correspondence concerning ▬▬▬▬▬▬▬;" "Strategize regarding ▬▬▬▬▬▬▬;" "Instruction to associate regarding ▬▬▬▬▬▬▬;" "Continue legal analysis of ▬▬▬▬▬▬▬." Because of these redactions, the Court's "careful review" is limited, as defendants have redacted the substantive portion of nearly every billing line submitted.

When a party has submitted inadequate records, this Court is "neither obligated to explain what

type of records should be submitted, nor to request additional information. The burden of presenting the appropriate fee documentation rests squarely on the shoulders of the attorneys seeking the award." *WPPSS*, 19 F.3d at 1306. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

The court has reviewed the documentation submitted, and found that fewer than half the requested hours are substantiated by unredacted billing entries. Specifically, the Court finds that defendants can support the following hours:

| **Name** | **Hourly Rate** | **Hours Expended** | **Total** |
| --- | --- | --- | --- |
| Alan L. Rupe | $185 | 11.5 | $2,127.5 |
| S. Douglas Mackay | $185 | .8 | $148 |
| Jason D. Stitt | $150 | 20.1 | $3,015 |
| Ashley J. Shaneyfelt | $150 | 57.1 | $8,565 |
| Jessica L. Garner | $150 | 4.2 | $630 |
| Rhonda K. Wills | $120 | 11.1 | $1,332 |
| Julie Hertzler | $80 | 1.3 | $104 |
| Amy Jo Anderson | $80 | 4.2 | $336 |
| **Total** | | **110.3** | **$16,257.5** |

Accordingly, this Court reduces the total award requested to $16,257.50, as the total amount supported by the evidence submitted.

Second, as explained more fully above, defendants are only entitled to recover for their defense of Mr. Kobos' FEHA claims, counts one through five. Mr. Kobos conceded several claims, for which defendants shall not recover. In addition, Mr. Kobos' intentional infliction of emotional distress claim was not inextricably intertwined with his FEHA claims. It was a separate cause of action based on separate facts (although it, too, was unsupported). Although defendants can only recover attorneys' fees for half of Mr. Kobos' claims asserted, defendants seek a full award for all hours expended. This request is unreasonable. Accordingly, the Court reduces the request by half, entitling defendants to a total award of attorneys' fees in the amount of $8,128.75.

**Inability to Pay**

Mr. Kobos argues that this Court should consider his inability to pay an attorneys' fees award. In *Villanueva v. City of Colton*, 160 Cal. App. 4th 1188, 1203 (2007), the court ruled that a "plaintiff's ability to pay must be considered before awarding attorney fees in favor of the defendant." The court reasoned:

> Because the majority of cases under the FEHA involve litigants who would not have the financial means to prosecute this type of case, the public policy behind the FEHA is served by not discouraging them from pursuing the litigation by potentially imposing fees that could easily devastate them financially simply because a few file frivolous claims.

*Id*.; *see also, Patton v. County of Kings*, 857 F.2d 1379, 1382 (9th Cir. 1988) (a district court should consider the financial resources of the plaintiff in determining the amount of attorney's fees and the "award should not subject the plaintiff to financial ruin."). When considering the plaintiffs' ability to pay, however, the plaintiff must offer some evidence regarding his inability to pay, such as "a declaration setting forth his gross income, his net income, his monthly expenses, his assets, or any other information which he though would lend support to his position." *Id*. at 1204. Here, Mr. Kobos failed to respond to his attorneys' attempts to communicate with him to prepare an affidavit regarding his financial situation, and presented no information regarding his financial situation. Although Mr. Kobos presented no evidence regarding his inability to pay, Mr. Kobos' attorney declares: "During the time I have represented the Plaintiff in this action I have learned that he has no resources, no assets and no employment from which he could pay any award of attorneys fees."

Considering and balancing the public policy behind FEHA, Mr. Kobos' lack of financial resources, and the baseless nature of his claims, which he continued to pursue, this Court finds that an attorneys fees award of $5,000 is reasonable. The Court understands that FEHA public policy encourages plaintiffs who have no resources to protect their rights. On the other hand, when using the lodestar method to calculate attorneys' fees for a prevailing defendant in a FEHA action, the ultimate goal is "to determine a 'reasonable' attorney fee, and not to encourage unnecessary litigation of claims that serve no public purpose either because they have no broad public impact or because they are factually or legally weak." *Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 985 (2010). The Court finds that the amount of $5,000 should not threaten Mr. Kobos with financial ruin, should not discourage

future litigants from pursing legitimate, colorable claims with merit, but does not reward the continued pursuit of meritless and baseless claims.

### CONCLUSION

For the foregoing reasons, this Court GRANTS in part defendants' attorneys fees motion and AWARDS defendants $5,000 in attorneys fees in favor of defendants and against plaintiff Kirk Kobos.

IT IS SO ORDERED.

**Dated:    October 4, 2010**                             /s/ Lawrence J. O'Neill
                                                                             UNITED STATES DISTRICT JUDGE